### In re KRICHEVSKY.

(District Court, E. D. Pennsylvania. January 18, 1915.)

#### No. 4087.

BANKRUPTCY ⚖136—CONCEALMENT OF ASSETS—PAYMENT TO TRUSTEE—CONTEMPT—COMMITMENT.

Where a bankrupt had been found to have concealed money from his trustee, and had fraudulently and defiantly refused to comply with an order requiring him to pay over the money, and the court in contempt proceedings was satisfied that his failure to comply was not because of his inability to do so but because of his obstinate refusal, it was the court's duty to order his imprisonment until the order was complied with, or until the further order of the court.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 233, 235; Dec. Dig. ⚖136.]

In Bankruptcy. In the matter of bankruptcy proceedings against Morris Krichevsky. Sur rule for attachment for contempt. Rule absolute.

Edwin Fischer and Henry N. Wessel, both of Philadelphia, Pa., for trustee.

Albert L. Moise, of Philadelphia, Pa., for bankrupt.

DICKINSON, District Judge. There are several principles of the law involved in the disposition to be made of this motion. All of them are in themselves of the greatest importance. Some of them overlap others, and are, because of this, exclusive in their operation. The one we will put first is that affecting the personal liberty of the bankrupt. The power of the court to enforce obedience to its orders must be undoubted. The correlative duty to carry out the mandates of the law is clear. The principle is that no man should be deprived of his liberty until after the verdict of a jury condemning him to its loss, or otherwise by due process of law. The alternative power vested in others than a jury should be exercised in due subordination to this preferred procedure, when personal liberty is at stake. The other principle of due subordination to the law is, however, of equal importance, because the first cannot be secured except through the second. The liberty which

is of value is liberty under the law. Law is of value only when re-spected, and to be respected it must be enforced. The latter observation is of pressing application to the general situation out of which this particular case springs. Cases of fraudulent insolvency, if frequent, soon raise a public scandal. If the machinery of the law devised for the relief of honest debtors upon whom the misfortune of insolvency has fallen is used as the instrument of fraud, the situation becomes intolerable. That such attempts will be made is to be expected. If amiable weakness palsies the punitive hand of the law when the fraud is exposed, the efforts of those who are charged with the duty of the suppression of such frauds are discouraged.

The facts in this case have received the very fullest investigation. The fraud of this bankrupt is clear. The referee has found it. The court has given its sanction to the finding. A jury has pronounced his guilt to have been proven beyond a reasonable doubt. The bankrupt has been continuously defiant through it all. There could, after this, be but one possible answer to the demand that an attachment issue. The bankrupt might not now be able to comply with the order of the court. Men whose sincerity could not be questioned, and whose opinions command the respect of the court, took this view of the case and interceded for him. His very creditors were believed to be of this mind.

A special reference was made to have the attitude of the creditors found and made known to the court. The referee has returned this to be the position of the creditors as a body. There are, of course, individual exceptions. If the bankrupt is able to satisfy the court of his inability to comply with the order, they do not wish him to be punished for contempt. The duty of the court is clear. We have heard all the bankrupt had to say, and all which could be said for him. The conviction forced upon us is unfavorable to the bankrupt. He takes refuge in statements as to the facts so vague as to be unintelligible. This might be due to a lack of intelligence. He resorts, however, to the most unfounded and scandalous attacks upon every one connected with the investigations which have been made. He has displayed a low cunning, which, although that of an unintelligent, is also that of an evil and criminal, mind. He has plainly sought to "make lies his refuge," and the Book with which he ought to be familiar should have taught him that this is the surest indication of his guilt. He has made a distinctly bad impression, and has confirmed the conviction of his guilt. We would be glad to accept, if we could, the views of those who have interested themselves in his case. This we have found impossible, and we cannot but think that they have been misled by kindness of heart to bestow their confidence upon the unworthy.

We are constrained to find that the order of the court is uncomplied with, not because this bankrupt cannot, but because he will not, comply with it. The case is disposed of by the order filed herewith. The filing of such an order is all we would have felt called upon to do, except for the intercession of the counsel who have appeared for this bankrupt and those who have interested themselves in his cause. The

respect which we feel is due to their opinion alone justifies us in discussing so plain a case.

Rule absolute. Bankrupt committed to Philadelphia county prison until the order requiring payment of $7,280.26 to the trustee is complied with, or until further order of the court.